703 N.W.2d 796 (2005)
473 Mich. 905
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Derrick Jason TOLBERT, Defendant-Appellant.
Docket No. 127368, COA No. 246009.
Supreme Court of Michigan.
July 29, 2005.
On order of the Court, the application for leave to appeal the September 14, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
*797 CORRIGAN, J., would hold this case in abeyance for People v. Drohan, Docket No. 127489, 472 Mich. 881, 693 N.W.2d 823.
MARILYN J. KELLY, J., dissents and states as follows:
I dissent from the decision of the majority of this Court to deny leave to appeal. I would remand for resentencing before a different circuit court judge.
In this case, a jury specifically acquitted defendant of two counts of first-degree premeditated murder and possession of a firearm during the commission of a felony. But the sentencing judge corrected what he thought was a mistake by the jury. Instead of sentencing defendant for the one crime of which he had been convicted, felon in possession, the judge sentenced him as if he had been convicted of murder.
Defendant received a sentence of fifteen to thirty years in prison. This is despite the fact that the maximum sentence for felon in possession is traditionally five years. M.C.L. § 750.224f(3). The sentencing judge stated:
While [Mr. Tolbert was] not convicted of a homicide, I feel that there was enough evidence adduced at the trial to certainly create a preponderance of evidence that Mr. Tolbert did commit the murders although ultimately the Jury found him not guilty.
They apparently did not feel there was enough evidence to find him guilty, but I do. . . .
In essence, the judge replaced the decision of the jury with his own. Moreover, he used the wrong standard to convict a defendant, a preponderance of the evidence. Proof beyond a reasonable doubt is the standard required by the United States Constitution. In re Winship, 397 U.S. 358, 362, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Both errors should occasion a resentencing.
Defendant has a significant criminal history. This fact presents legitimate grounds for the sentencing judge to depart upward from the range of the sentencing guidelines. But defendant's criminal history does not allow the judge to sentence as if defendant had been convicted of murder. Just because the sentencing court may find the defendant to be a bad person does not entitle it to ignore the jury and to use a lesser standard to convict him.
For these reasons, I would remand the case for resentencing. Because the judge made statements that raise questions regarding his ability to impartially impose a sentence on this defendant, I would send the case to a different circuit court judge.