# Order

**Michigan Supreme Court**
Lansing, Michigan

July 29, 2005

Clifford W. Taylor
Chief Justice

125948

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Justices

BARBARA SUE TRAXLER and NORMA
JEAN CASTLE, Successor Co-Trustees of the
NORMAN JOHN SINCLAIR TRUST DATED
MARCH 27, 1996,
    Plaintiffs/Counterdefendants-
    Appellees,

v

SC: 125948
COA: 243492
Oakland CC: 01-032868-CH

SHIRE ROTHBART,
    Defendant/Counterplaintiff-
    Appellant.
_____/

On order of the Court, leave to appeal having been granted and the Court having considered the briefs and oral arguments of the parties, the order of December 27, 2004 which granted leave to appeal is VACATED and leave to appeal is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court. The Court unanimously agrees that a purchaser of trust property may be considered a protected third party under MCL 700.7404.

MARKMAN, J., dissents and states as follows:

I would reverse the decision of the Court of Appeals and remand to the trial court for the entry of an order of specific performance of the purchase agreement. MCL 700.7404 provides that a third party is "fully protected" in dealing with a trustee when the third party lacks actual knowledge that the trustee has exceeded or improperly exercised a trust power. Here, the trustee exceeded her authority by entering into a purchase agreement with the defendant without first obtaining her cotrustee's approval. Because the statute mandates that defendant be "fully protected," specific performance is required in order to put defendant in the same position he would have been in had the trustee possessed the power she purported to exercise.

s0726



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 29 , 200 5                    
                                  Clerk